**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIOVANI CERDE REYES,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　Respondent. | No. 10-70969<br><br>Agency No. A087-756-191<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 11, 2014
San Francisco, California

Before: WALLACE, SCHROEDER, and W. FLETCHER, Circuit Judges.

　　Jiovani Cerde Reyes, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' (Board) order dismissing his appeal. Cerde

Reyes appealed to the Board from an immigration judge's (IJ) removal order,

which was based upon Cerde Reyes's admissions and concessions before the IJ.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We have jurisdiction under 8 U.S.C. § 1252; we review de novo, *Perez-Mejia v. Holder*, 663 F.3d 403, 409 (9th Cir. 2011); and we deny the petition.

The Board did not err in dismissing Cerde Reyes's appeal because Reyes admitted the factual allegations contained in his Notice to Appear and conceded he was removable on the basis of his Arizona conviction for possession of a forgery device, a crime which Cerde Reyes conceded—and the IJ correctly determined, based on an independent review of the statute—was categorically a crime involving moral turpitude. "[I]f at the . . . pleading stage an alien . . . makes admissions of fact or concedes removability, and the IJ accepts them, no further evidence concerning the issues of fact admitted or law conceded is necessary." *Id.* at 414. And if "the immigration judge is satisfied that no issues of law or fact remain, the immigration judge may determine that removability as charged has been established by the admissions of the respondent." *Id.* at 416 (citing 8 C.F.R. § 1240.10(c)).

**PETITION FOR REVIEW DENIED.**

2